UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION



| | | |
|---|---|---|
| JAMES H. ARCHAMBAULT, | ) | CIV. 07-5087-RHB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS WEBER, | ) | |
| Warden, S.D. State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

On November 11, 2007, petitioner filed for habeas relief in federal court pursuant to 28 U.S.C. § 2254. Docket #1. In an order issued on January 30, 2008, the Court dismissed petitioner's application on the basis that he had failed to exhaust his state court remedies. Docket #15. Petitioner filed a motion for reconsideration, which the Court denied. Docket #17, 18.

Petitioner now comes with a second motion for reconsideration. Docket #21. Attached to this motion are court documents demonstrating that petitioner has now fully exhausted his state court habeas remedies. Accordingly, the Court will grant petitioner's motion and proceed to the substance of his petition.

The relevant facts are as follows. Petitioner was charged with aggravated assault after he punched a corrections officer in the Pennington County Jail, where he was

being held on federal charges. The assault occurred after the officer ordered petitioner to submit to a strip search for weapons. Petitioner pled not guilty to the charge. Six days before trial, petitioner demanded the removal of his appointed counsel. The trial court granted petitioner's request, and allowed petitioner to proceed *pro se*.

On the morning of the trial, the trial judge obtained the petitioner's consent to wearing an inconspicuous electronic stun belt on the back of his left calf. The stun belt would be used in the event of an outburst from petitioner, which was anticipated by the sheriff's office. The trial judge specifically asked petitioner if he was comfortable with wearing the stun belt. Petitioner said "yes, sir." Docket 1-4 at 2.

At trial, petitioner admitted to striking the corrections officer but testified that he did so because he felt disrespected when ordered to submit to the strip search. He also attempted to justify the assault because of the stress of being kept in jail. Petitioner was convicted and sentenced to seven years incarceration. The conviction was summarily affirmed on appeal. Petitioner then filed for habeas relief in state court, which was summarily dismissed. Both the habeas trial court and the South Dakota Supreme Court refused to issue a certificate of appealability. Thus, petitioner has exhausted his state court remedies, and his petition is properly before this Court.

Under the rules governing § 2254 cases, the Court is required to make a preliminary evaluation of a habeas petition before ordering an answer from the

government. O'Blasney v. Solem, 774 F.2d 925, 926 (8th Cir. 1985). "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Id. "[S]ummary dismissal of a petition for habeas corpus is appropriate only when the allegations are 'patently frivolous or false,' or 'vague conclusory, or palpably incredible.'" Id. (citations omitted). A petition should be dismissed if "it appears without a doubt that the petitioner can prove no set of facts which would entitle him to relief." Id.

A review of the petition in this case reveals that summary dismissal is warranted. Petitioner raises three issues, all of which are frivolous, and he asserts no factual or legal questions that, upon further development, would entitle him to relief. Petitioner first contends that the electronic stun belt placed on his calf prevented him from properly representing himself at trial. However, petitioner agreed to wear the stun belt. Thus, he has waived the issue. Moreover, petitioner had stand-by counsel available at trial. If in fact petitioner felt that the stun belt would hinder his ability to represent himself, he 1) should not have agreed to wear the belt, or 2) should have utilized his stand-by counsel. Petitioner did neither, and he cannot now hope to obtain habeas relief for a problem of his own making. See United States v. Mahasin, 442 F.3d 687 (8th Cir. 2006) (approving the use of a stun belt to restrain a *pro se* defendant during trial).

Petitioner's second argument is that his due process rights were violated when his original trial counsel and trial judge denied him the right to subpoena witnesses in his defense. Specifically, petitioner wanted to call certain witnesses to support his contention that the assault was justified because of disrespectful prison staff. Petitioner's trial counsel properly refused to advocate this untenable theory of the defense, and the trial judge properly refused to grant a continuance so that petitioner could subpoena unidentified witnesses. No amount of disrespect from prison staff would justify the assault perpetrated by petitioner. Testimony to such an effect would be irrelevant and inadmissible. Petitioner's argument on this issue is completely without merit.

Petitioner's final argument is jurisdictional. Petitioner contends that because the assault in question occurred while he was in federal custody, the State of South Dakota does not have jurisdiction to prosecute the assault. This argument is novel but without merit. It is incontrovertible that the state has jurisdiction over Indians who commit crimes off-reservation. See Weddell v. Meierhenry, 636 F.2d 211 (8th Cir. 1980). Petitioner's reasons for being in the Pennington County Jail are immaterial. The fact is, while there, he assaulted a corrections officer. The State of South Dakota had jurisdiction to prosecute that crime. This issue does not warrant habeas relief.

4

Based upon the foregoing discussion, it is hereby

ORDERED that James H. Archambault's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket #1) is dismissed with prejudice.

Dated this 21st day of May, 2008.

BY THE COURT:

*Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE